IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BILLY RAYMOND BOSTIC,                                        CV. 04-51-KI

               Petitioner,                        OPINION AND ORDER

    v.

BRIAN BELLEQUE,

              Respondent.


Christine Stebbins Dahl
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

      Attorney for Petitioner

Hardy Myers
Attorney General
Lynn David Larsen
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

      Attorney for Respondent

KING, Judge

     Petitioner, an inmate at the Oregon State Penitentiary, brings

this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For

the reasons set forth below, petitioner's habeas corpus petition (#1) is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

On May 11, 1996, Ellisar Juariz Valladares was shot in the chest and killed. Several other individuals were injured and robbed in connection with the murder. On May 24, 1996, petitioner was indicted on charges of aggravated murder, robbery, assault, unlawful use of a weapon, and felon in possession of a firearm.

Petitioner is a Vietnam War veteran who has a history of post-traumatic stress disorder (PTSD) and substance abuse. On October 29, 1996, petitioner filed a notice of intent to rely on the defense of mental disease or defect. Petitioner later agreed to waive his right to a jury trial and to stipulate to all of the elements of the charges in exchange for the state's agreement not to seek the death penalty, to seek a maximum sentence of life imprisonment, with a 30-year minimum, and to allow petitioner to present a mental disease or defect defense.

The Honorable Pamela L. Abernethy questioned petitioner about his waiver of a jury trial. Petitioner stated that he had read the jury waiver, that his attorney had discussed the waiver with him, and that he was freely and voluntarily giving up his right to a jury trial. TR at 131-32. Petitioner also stated that he read the stipulated agreement, that he reviewed it with his lawyer, and that he understood that the only two possible outcomes of his trial

would be life imprisonment or placement in the custody of the Psychiatric Security Review Board. Id. at 137-38. Petitioner indicated that he understood that the issue at trial would not be whether he committed the crimes, but only his mental state at the time of the crimes. Id. at 149-50.

Petitioner's trial commenced on November 12, 1997. The state called several witnesses who testified to the deliberate nature of the crimes. The witnesses testified that petitioner (1) purchased a shotgun and discussed plans to commit a robbery the day before the murder; (2) confessed to killing one or more people, showed remorse, and never mentioned Vietnam or experiencing a flashback at the time of the murder; (3) destroyed and hid his shotgun after the murder; (4) attempted to dispose of his blood stained clothing; and (5) attempted to fabricate an alibi. Additionally, the state offered the testimony of Dr. George Sukow who opined that petitioner's criminal conduct was related to his drug use rather than PTSD. Several correctional officers testified to petitioner's manipulative behavior while incarcerated.

In support of petitioner's mental disease or defect defense, defense counsel presented the testimony of (1) petitioner's sisters who testified to the physical abuse suffered by petitioner as a child; (2) friends who testified to petitioner's long history of drug abuse and his consumption of drugs the day of the murder;

(3) a veteran who served with petitioner in Vietnam and detailed the horrors of combat; (4) two veterans who were in therapy with petitioner (including one who testified that he witnessed petitioner having a flashback); (5) a counselor who diagnosed petitioner as suffering from chronic PTSD; (6) a doctor who diagnosed petitioner as suffering from multiple drug-induced psychoses; (7) two psychologists who testified that petitioner suffers from brain dysfunction and a severe case of PTSD; and (8) correctional officials who testified that during his admittance to the jail, petitioner reported being suicidal and under the influence of drugs, and made references to Vietnam. Dr. Robert Stanulis opined that petitioner was suffering from a flashback at the time of the murder.

Judge Abernethy rejected petitioner's defense, concluding that notwithstanding the fact that petitioner suffers from PTSD, organic brain dysfunction, and severe drug dependence, petitioner was not in a psychotic state at the time of the crime. TR at 941. Consequently, the judge found petitioner guilty of all charges. Petitioner was sentenced to two concurrent life sentences, with the possibility of parole after thirty years, and concurrent sentences on the remaining charges.

Petitioner appealed his conviction to the Oregon Court of Appeals. Petitioner's appellate counsel filed a Balfour brief, but petitioner failed to supplement the brief with any assignments of

error.    The  Oregon  Court  of  Appeals  affirmed  petitioner's
conviction without opinion.  State v. Bostic, 155 Or. App. 645, 968
P.2d  399  (1998).    Petitioner  did  not  seek  review  by  the  Oregon
Supreme Court.

Petitioner  filed  a  state  post-conviction  proceeding  in  which
he  raised  all  of  the  claims  raised  in  the  instant  proceeding.    The
post-conviction  court  denied  relief.    Petitioner  appealed  the
denial,  raising  three  assignments  of  error.    The  Oregon  Court  of
Appeals  summarily  denied  the  appeal,  and  the  Oregon  Supreme  Court
denied review.

In  the  instant  proceeding,  petitioner  alleges  that  (1)  he  was
denied  effective  assistance  of  trial  and  appellate  counsel;  and
(2)  his  waiver  of  his  Miranda  rights,  his  waiver  of  the  right  to  a
jury  trial,  and  his  agreement  to  stipulate  to  all  of  the  elements
of  the  charges  was  not  knowing  and  voluntary.

**DISCUSSION**

**I.    PROCEDURALLY DEFAULTED CLAIMS.**

Generally,  a  state  prisoner  must  exhaust  all  available  state
court  remedies  either  on  direct  appeal  or  through  collateral
proceedings  before  a  federal  court  may  consider  granting  habeas
corpus  relief.    28  U.S.C.  § 2254(b)(1).    A  state  prisoner  satisfies
the  exhaustion  requirement  by  fairly  presenting  his  claim  to  the
appropriate  state  courts  at  all  appellate  stages  afforded  under
state  law.    Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004),

<u>cert. denied</u>, 125 S.Ct. 2975 (2005); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. <u>Casey</u>, 386 F.3d at 920; <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991). Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. <u>Coleman</u>, 501 U.S. at 729-30; <u>Bennett v. Mueller</u>, 322 F.3d 573, 580 (9th Cir.), <u>cert. denied</u>, 540 U.S. 938 (2003).

Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750.

A. **<u>Grounds for Relief 1(f), (k), (m), (n), (o)</u>**.

Petitioner failed to raise grounds for relief 1(f), (k), (m), (n), and (o), to the Oregon Court of Appeals and Supreme Court in his appeal from the denial of post-conviction relief. Petitioner cannot again seek state post-conviction relief. <u>See</u> O.R.S. 138.550(3) (2005). Accordingly, the claims are procedurally defaulted. Petitioner has made no showing of cause and prejudice to excuse his procedural default, or that a fundamental miscarriage

of justice will result if the claims are not considered. Accordingly, habeas relief as to these claims is denied.

**B.    <u>Ground for Relief 2</u>**.

Petitioner alleges that his right to due process and equal protection were violated by virtue of the fact that the waiver of his Miranda rights, the waiver of his right to a jury trial, and his agreement to stipulate to all of the elements of the charges, was not knowing and voluntary. The post-conviction court rejected these claims on the basis that they are trial court error claims which should have been raised on direct appeal. Resp. Exh. 133 at 6 (citing <u>Palmer v. State of Oregon</u>, 318 Or. 352, 867 P.2d 1368 (1984)).

Accordingly, habeas review of the claims is barred by an independent and adequate state court rule. <u>See</u> <u>Coleman</u>, 501 U.S. at 729-30; <u>Bennett</u>, 322 F.3d at 580. Petitioner has made no showing of cause and prejudice or that a fundamental miscarriage of justice will result if the claims are not considered. Federal habeas corpus relief, therefore, is not warranted as to ground for relief two.

**C.    <u>Ground for Relief 3(b)</u>**.

Petitioner alleges that appellate counsel was ineffective for failing to file a petition for review to the Oregon Supreme Court. This claim was raised in petitioner's post-conviction petition, but not on appeal therefrom. Accordingly, the claim is procedurally

defaulted.  Petitioner has made no showing sufficient to excuse the default.  Accordingly, habeas relief is denied as to this claim.

**II.  THE MERITS.**

A claim of ineffective assistance of counsel, requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002); <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000); <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1987).

To prove deficiency of performance, petitioner "'must show that counsel's representation fell below an objective standard of reasonableness.'"  <u>Taylor</u>, 529 U.S. at 390-91 (quoting <u>Strickland</u>, 466 U.S. at 688).  "To establish prejudice [petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  <u>Id.</u> at 391 (quoting <u>Strickland</u>, 466 U.S. at 694).

**A.  <u>Grounds for Relief 1(a) & (b)</u>.**

Petitioner contends that trial counsel "failed to appreciate the need for extended evaluation to determine whether Mr. Bostic was competent to aid and assist and to enter into a stipulation that relieved the state of its burden of proof."  The state post-conviction court disagreed, concluding that petitioner had failed "to produce any evidence to suggest that he was unable to make a

knowing, intelligent, and voluntary decision to waive jury and stipulate to the elements of charges." The post-conviction court further held that petitioner "was adequately informed regarding the consequences of his decisions and that his decisions were made in a knowing, intelligent, and voluntary manner." Resp. Exh. 133 at 5-6.

Petitioner has failed to rebut the post-conviction court's findings of fact with clear and convincing evidence. In light of this factual finding; the considerable strength of the state's evidence on the elements of the charges; and the state's concession not to seek the death penalty and to agree to a maximum sentence; counsel's advice to waive a jury and stipulate to the elements of the charges, *while maintaining the right to present a mental disease or defect defense*, was an objectively reasonable tactical decision. Accordingly, the advice did not constitute ineffective assistance of counsel. See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir.), cert. denied, 126 S.Ct. 442 (2005) (applying Strickland to ineffective assistance claim arising out of stipulated facts trial); Hensley v. Crist, 67 F.3d 181, 185 (9th Cir. 1995)(same).

Petitioner's assertion in his post-conviction deposition that he "would prefer death than what [he] got" and that he is confident that a jury would not find him guilty on retrial, does not undermine the strategic nature of counsel's advice or its

reasonableness under the circumstances. Accordingly, petitioner has failed to demonstrate that the post-conviction court's rejection of these ineffective assistance claims was contrary to, or an unreasonable application of <u>Strickland</u>.

**B.    <u>Grounds for Relief 1(c), (d), (e), (h) & (j)</u>.**

Petitioner alleges that trial counsel failed to (1) interview and call as witnesses people who could have offered testimony in support of his PTSD defense; (2) interview several prosecution witnesses; (3) introduce petitioner's bank records as evidence; and (4) fully understand the PTSD defense.

"A defense lawyer must make reasonable investigations in the course of representation." <u>Raley v. Ylst</u>, 2006 WL 962330 *5 (9th Cir. Apr. 14, 2006). "However, the duty to investigate and prepare a defense is not limitless: it does not necessarily require that every conceivable witnesses be interviewed." <u>Bragg v. Galaza</u>, 242 F.3d 1082, 1088 (9th Cir.), <u>amended on denial of reh'g</u>, 253 F.3d 1150 (9th Cir. 2001). "When the record clearly shows that the lawyer was well-informed, and the defendant fails to state what additional information would be gained by the discovery she or he now claims was necessary, an ineffective assistance claim fails." <u>Id.</u>

Petitioner concedes that he does not know who counsel interviewed. Accordingly, petitioner has failed to demonstrate that defense counsel was deficient in this respect. Counsel's

decision not to call additional witnesses to testify concerning petitioner's treatment history for PTSD was a reasonable tactical decision in light of the extensive testimony provided on the subject.  As outlined above, defense counsel presented the testimony of fellow veterans, doctors, and psychologists who testified to petitioner's long history of PTSD and treatment, as well as the Department of Veteran's Affairs determination that petitioner is 100% disabled.  Petitioner has made no showing what additional testimony from patients or staff from various treatment centers or halfway houses could have been presented, much less that there is a reasonable probability that the results of the proceeding would have been different had additional testimony been presented.

With regard to evidence of petitioner's bank loan, the record reveals that counsel presented testimony that petitioner obtained a bank loan immediately prior to the murder.  The decision not to present documentary evidence of this undisputed fact (of questionable relevance to petitioner's mental disease or defect defense) was a reasonable tactical decision.

In sum, petitioner has failed to rebut the post-conviction court's factual conclusion that petitioner produced no evidence to suggest that trial counsel failed to adequately investigate, prepare for, or present petitioner's defense at trial.  Petitioner has failed to demonstrate that the post-conviction court's

rejection of his ineffective assistance claims is unreasonable in light of the evidence presented, or that the court's rejection of these ineffective assistance claims is contrary to or an unreasonable application of clearly established federal law. Accordingly, habeas relief is not warranted.

C.    **Ground for Relief 1(g) and (i)**.

Petitioner alleges that "[t]rial counsel failed to object to the state's failure to preserve exculpatory evidence at the crime scene, including but not limited to, evidence of the victim's weapon and narcotics." In his post-conviction deposition, however, petitioner conceded that his real complaint was that evidence of the victim's possession of weapons and/or narcotics was "never really brought up" at his bench trial. (Exh. 115 at 20.) Petitioner made no showing at post-conviction or in this proceeding that the state actually failed to preserve exculpatory evidence. Accordingly, counsel was not ineffective for failing to make an objection. See United States v. Moore, 921 F.2d 207, 210 (9th Cir. 1990) (trial counsel is not ineffective for failing to make meritless motion).

Petitioner contends that trial counsel was ineffective for failing to object to the state employing petitioner's jail psychiatrist as an expert for the prosecution. Counsel did in fact raise an objection by written motion. Resp. Exh. 123, TR at 150-51. Petitioner offers no further argument on this point.

Accordingly, petitioner has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness.

D.  **<u>Grounds for Relief 1(l) & 3(b)</u>**.

Petitioner alleges that trial counsel was ineffective for failing to object to the imposition of two life sentences when there was only one homicide victim. Petitioner further alleges that appellate counsel was ineffective for failing to raise this issue on appeal.

At the time of petitioner's trial and appeal, state law permitted the imposition of two life sentences for the killing of one person. <u>See</u> <u>State v. Barrett</u>, 153 Or. App. 621, 626, 958 P.2d 215 (1998), <u>reversed</u> 331 Or. 27, 10 P.3d 901 (2000). Hence, trial and appellate counsels' failure to raise this sentencing issue was not deficient performance. <u>See</u> <u>Sims v. Brown</u>, 425 F.3d 560, 585 (9th Cir.), <u>amended on denial of reh'g</u>, 430 F.3d 1220 (9th Cir. 2005).

Moreover, because the life sentences run concurrently, petitioner has made no showing of prejudice. In short, petitioner fails to satisfy both prongs of <u>Strickland</u>. <u>See also</u> <u>Cooper-Smith</u>, 397 F.3d at 1244 (<u>Strickland</u> not well established federal law in noncapital sentencing context); <u>Davis v. Grigas</u>, 2006 WL 903219 *2 (9th Cir. Apr. 10, 2006) (same). Accordingly, the post-conviction

court's rejection of this claim is not contrary to clearly established federal law.

## <u>CONCLUSION</u>

Based on the foregoing, petitioner's habeas corpus petition (#1) is DENIED, and this proceeding is DISMISSED.

IT IS SO ORDERED.

DATED this ___24th___ day of April, 2006.


                                    ___/s/ Garr M. King_____
                                    Garr M. King
                                    United States District Judge